SINGLE-TRACK OVERHEAD RY. MFG. CO. v. RODEN.

(Circuit Court, D. New Jersey.  January 31, 1895.)

No. 53.

PATENTS—INFRINGEMENT—ELEVATED RAILROADS.
   The Curtis & Cook patent, No. 285,116, for an improvement in portable
elevated railroads, considered, and *held* void for anticipation as to claims
1, 2, and 3, and valid and infringed as to claim 4.

Suit in Equity for Infringement of a Patent.   On final hearing.

Francis D. Pastorius, for complainant.
Frederick W. Rex, for defendant.

ACHESON, Circuit Judge.   This suit is upon letters patent No.
285,116, granted to Benjamin S. Curtis and John A. Cook, September 18, 1883, for an improvement in portable elevated railroads.
The proofs are rather meager.   On the part of the defense, Joseph
H. Haynes, the constructor of the alleged infringing overhead railway of the defendant, testifies that as early as the year 1866 he saw
in use at the Camden Iron Works, at Camden, N. J., a single-track
overhead railway, which, in construction and mode of operation,
was substantially the same as the defendant's railway.   This evidence is not contradicted.   I discover no reason for doubting the
truth of what this witness here states.   I am of the opinion that,
as to the first, second, and third claims of the patent, the plaintiff's case fails.   The fourth claim is as follows:

   "(4) A main elevated or overhead track, in combination with branch tracks,
a switch, and a traveler adapted to run upon said track, substantially as and
for the purpose set forth."

Mr. Haynes admits that one of the switches in the defendant's
track is similar in construction to that of the patent in suit.   Having
further stated that he had no knowledge, previous to September,
1883, of an elevated or overhead track in combination with a branch
track or tracks, a switch, and a traveler adapted to run thereon,
he testified as follows:

   "Q. Do I understand you to say that you have no knowledge of any such
construction previous to September 18, 1883?  A. I have no knowledge.   Q.
Is not the elevated or overhead track which you built for David W. Roden, the
respondent in this case, composed of an elevated track in combination with a
branch track or tracks, a switch, and traveler adapted to run on said elevated
track or tracks?  A. It is."

This testimony, taken in connection with that of the plaintiff's
witnesses, justifies a finding that the fourth claim of the patent is
infringed by the defendant's structure.

I am not prepared to hold that the presumption of the patentability
of this combination, arising from the grant of the patent, has been
rebutted.   The defendant has contented himself with taking the
mere opinion of Mr. Haynes that the principle of the switch of the
patent is the same as that of the switch of an ordinary railroad
built on the ground.   Upon the point of patentability, as the rec-

ord stands, I feel that I ought to stand by the action of the patent office. A decree may be drawn in favor of the plaintiff with respect to the fourth claim.